**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2276
_____

GLORIA J. STEZZI,
                                        Appellant

v.

CITIZENS BANK OF PA; TALX
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-04333)
District Judge:  Honorable Thomas N. O'Neill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2013
Before:  JORDAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: October 7, 2013)
_____

OPINION
_____

PER CURIAM

Gloria Stezzi, proceeding pro se, appeals from the District Court's orders granting

Citizens Bank's (hereinafter, "the Bank") motion to dismiss pursuant to Fed. R. Civ. P.

41(b) and denying her motion pursuant to Fed. R. Civ. P. 60(b).  For the following

reasons, we will affirm.

I.

Stezzi's appeal has a lengthy procedural history. In August 2010, she filed a complaint alleging that her former employer, the Bank, had engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. After denying the Bank's motion for judgment on the pleadings, the District Court scheduled a pretrial conference for November 8, 2012. However, this conference was cancelled after Stezzi filed several motions for summary judgment, and the District Court directed the parties to conduct discovery. Despite this direction, proceedings stalled.

In an attempt to move the case along, the District Court scheduled a pretrial conference for February 5, 2013, to discuss discovery matters. Stezzi then asked the District Court to cancel the conference and order the Bank to respond to her motions for summary judgment because, she argued, Fed. R. Civ. P. 56 "does not require discovery for a motion for summary judgment." The District Court declined to cancel the conference and ordered Stezzi to appear for her deposition on February 19, 2013.

On February 19, Stezzi appeared but did not participate in her deposition. Instead, she presented the Bank's counsel with a new motion for summary judgment before leaving the courthouse. As a result, the District Court ordered Stezzi to appear on February 22, 2013, to show cause why her case should not be dismissed for failure to follow its order. A day before the hearing, Stezzi filed a response asking the District

Court to vacate its show cause order and direct the Bank to respond to her new motion for summary judgment. Stezzi did not appear for the show cause hearing.

In response to Stezzi's request, the Bank filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) and a request for costs. Despite being ordered to respond, Stezzi filed several motions, including another motion for summary judgment. The District Court conducted an analysis under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984), and granted the Bank's motion. Stezzi subsequently filed a motion pursuant to Fed. R. Civ. P. 60(b), which the District Court denied.[1] This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of Stezzi's case pursuant to Fed. R. Civ. P. 41(b) for abuse of discretion only. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Rule 41(b) dismissals are "drastic" and "'extreme'" measures that should be reserved for cases where there has been "'flagrant bad faith' on the part of the plaintiffs." Poulis, 747 F.2d at 867, 868 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

## III.

Stezzi's opening brief asserts that: (1) the District Court violated Rules 16 and 26 by allowing the Bank to disregard scheduling orders; (2) the District Court violated Rule

---

[1] Stezzi does not challenge the denial of Rule 60(b) relief on appeal, and we deem that issue waived. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004).

3

56 by allowing the Bank the opportunity to obtain discovery pertinent to her motions for summary judgment; and (3) the District Court erred under Rules 37 and 41 when it dismissed her case. We understand the last of these arguments to question the propriety and fairness of the District Court's dismissal pursuant to Poulis. See Haines v. Kerner, 404 U.S. 519, 520 (1972). We therefore turn first to our review of that dismissal.

Under Poulis, courts must balance six factors to determine whether dismissal under Rule 41(b) is warranted: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868. No single factor is determinative and not all must be satisfied to justify dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998).

We agree with the District Court that the first factor, which focuses on the extent of Stezzi's personal responsibility, weighed against Stezzi because, as a pro se litigant, she was "solely responsible for the progress of h[er] case." Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008). The second factor, which focuses on prejudice to the adversary, also weighed against Stezzi. Her failure to attend her deposition and disregard for the District Court's orders frustrated the progress of discovery and the Bank's ability to prepare a defense. See Ware v. Rodale Press Inc., 322 F.3d 218, 222 (3d Cir. 2003).

4

Likewise, the third and fourth factors also weighed against Stezzi because she consistently and willfully refused to participate in discovery, comply with the District Court's orders, and otherwise move her case forward. However, the sixth factor, which focuses on the meritoriousness of the claims, may have weighed in favor of Stezzi given that her claims survived the Bank's motion for judgment on the pleadings.

As to the fifth Poulis factor, which focuses on the availability and effectiveness of alternative sanctions, Stezzi argues that the District Court should have required the Bank to file a Rule 37 motion rather than a Rule 41(b) motion. If a party fails to attend her own deposition, the opposing party may file a motion for sanctions along with a certification that it has attempted to "confer with the party failing to act in an effort to obtain the . . . response without court action." Fed. R. Civ. P. 37(d)(1)(B). However, as noted above, the District Court had *already* acted by ordering Stezzi to attend her deposition. Stezzi has not provided any case law indicating that a party is required to file a Rule 37 motion to compel rather than a Rule 41(b) motion to dismiss, and our research has not uncovered any. In any event, the District Court did not commit reversible error when it concluded that no alternative sanctions, including sanctions under Rule 37,[2] would have been effective against the continually recalcitrant Stezzi. Accordingly, considering that nearly all of the Poulis factors clearly weighed against her, we cannot conclude that the District Court abused its discretion in dismissing Stezzi's case. Simply

---

[2] Even if the Bank had filed a Rule 37 motion, dismissal of Stezzi's action remained a viable sanction. See Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

5

put, her dilatory behavior and refusal to comply with court orders over the course of years of litigation left the District Court with little choice.

Stezzi also argues that the District Court erred by allowing the Bank to obtain discovery relating to her motions for summary judgment and that the District Court violated Rules 16 and 26 by allowing the Bank to default on scheduling orders. The scope and conduct of discovery are matters left to the sound discretion of the district courts. See Pub. Loan Co. v. FDIC, 803 F.2d 82, 86 (3d Cir. 1986). Certainly, the District Court did not abuse its discretion in allowing the Bank the opportunity to gather evidence to determine whether summary judgment was warranted. See Fed. R. Civ. P. 56(d)(2). Furthermore, Stezzi's claim that the Bank refused to engage in discovery is belied by the record, as the Bank did submit a proposed discovery schedule in compliance with the District Court's orders.[3] Accordingly, the District Court did not abuse its discretion regarding the discovery process.

IV.

For the foregoing reasons, we will affirm the District Court's judgment. We grant in part Stezzi's unopposed motion to amend the District Court record to the extent it seeks to supplement the record with undocketed letters, with service to Stezzi, from the Bank to the District Court. We grant the Bank's motion to file a supplemental appendix.

---

[3] Stezzi also argues that the Bank violated discovery orders by filing a motion for judgment on the pleadings rather than a proposed discovery schedule. However, the District Court granted the Bank leave to file this motion, and the Bank was well within its rights to file such a motion before discovery began.